Chief Justice Robertson,
delivered the opinion of the court.
This is a suit in c-iancery, instituted by David Locke, to. injoin a judgment obtained, against bim by Joel Balee, as assignee of Mahoney, who was assignee of Jett, on anote executed to Jett i'or $100.
The bill relies on two grounds for relief. 1st. That the note was, through mistake, drawn for money, when ■ it ought to have been written for Commonwealth’s paper. 2nd. That it was doubtful whether or not Jett bad, or could make a valid title to some lots, an executory sale of which, by Jett to Locke, was the consideration of the note on which the judgment had been rendered, and of other notes which had been discharged. An exhibition of title was therefore demanded, and a rescission of the contract prayed for, unless a sufficient title could be assured; but relief on the first ground only was solicited, if a satisfactory title could be made.
The bill was taken for confessed against Jett, upon publication against him as a nonresident. Balee and Mahoney denied, in their answers, that there had been any mistake in the execution of the note, and insisted that the contract for the title was what is denominated “a risking.bargain.”
There is no proof in the record which can effect the assignees, in reference to the alleged mistake; nor is There any sufficient,proof that Jett has, or can make a good title to the lots, or that by the contract, Locke was to risk the title, or was bound to take any tiling less than a general warranty deed; and the proof is, we are inclined to think, satisfactory to shew, that the note on -which the judgment had been rendered, was a part of the consideration ibr the sale of the lots.
The circuit court by its final decree, perpetuated the injunction, decreed a restitution of $131 by Jett to Locke, and gave to Locke a lien on the lots, until payment of the sum decreed.
When on a rescission of a contract for proper tíenforcé vendee’s lien fo> restitulion of the purchase mo•ney paid by •him, day should bo giv en to vendor for payment, and on his failure to make payment, the land should be subjected •to sale for repayment of the money -advanced by vendee.
Milk and Brown, for plaintiffs.
To reverse this decree, the defendants in the circtift court, prosecute a writ of error -with a supersedeas. 1
n© title was exhibited, and the allegations of the ^Ul were confessed by Jett, there could be no insuperable objection to a decree rescinding the contract; and we are of opinion', that such a decree would be proper, ^.cording to all the facts now exhibited in the record, A perpetuation of the injunction, would also be proper, as a natural consequence of a rescission; and so, ajso^ a decree for restitution of the amount which had been paid,be equally proper. Rut there isnothing in the record,, which shews when the money was paid; and, it is clear that no more than ,f 10U had been paid. If it be proper to enforce the equitable lien re-suiting from the contract, the decrce should subject the rigbt .of Jett to sale and thus close the controversy, instead of laying the foundation of another suit, by reserving an indefinite lien. And moreover, as the parties should be placed in statue quo,'Or as nearly so as po&-' sible. Locke should account for rents and profits since he lias had the possession of the lots, and be compelled to restore the possession to Jett, on the receipt of the amount which shall be ascertained after a settlement of the rents and ameliorations to be due to him. It would be proper to give Jett day for the payment, and if he pay accordingly, restitution of possession should he ordered, but if he fail to make payment, his claim, to the lots may be subject to sale.
The decree reversed, and cause remanded for proceedings and decree conformable to this opinion.